IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALVIA LACY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-14-179 |
| NATIONAL RAILROAD PASSENGER CORPORATION and LARRY TAYLOR, | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

Plaintiff Alvia Lacy ("Ms. Lacy") brings this *pro se* action against Defendants National Railroad Passenger Corporation ("Amtrak") and Larry Taylor ("Mr. Taylor"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1983. Plaintiff claims that, while an employee of Amtrak, she suffered continuous gender discrimination and sexual harassment, resulting in a hostile work environment.

Pending before this Court are Defendant Amtrak's Motion to Dismiss (ECF No. 13); Defendant Larry Taylor's Motion to Dismiss (ECF No. 23); Plaintiff's Motion for Extension of Time (ECF No. 28); Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 33); and Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 34). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, Defendant Amtrak's Motion to Dismiss (ECF No. 13) is GRANTED with prejudice; Defendant Larry Taylor's Motion to Dismiss (ECF No. 23) is GRANTED with prejudice; Plaintiff's Motion for Extension of Time (ECF No. 28) is

MOOT[1]; Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 33) is DENIED; and Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 34) is DENIED. Quite simply, as noted below, this case is duplicative of an earlier action dismissed in the United States District Court for the District of Columbia. Such duplicative litigation is impermissible.

## BACKGROUND

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiffs. *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

This action is the second such complaint filed by Ms. Lacy, arising out of alleged discrimination and sexual harassment directed at her during her employment at Amtrak. She has been employed as a car repairman at Amtrak's Bear, Delaware maintenance facility. Compl. 2, ECF No. 1. On May 4, 2009, Defendant Taylor allegedly struck Ms. Lacy on "a [sic] intimate area of her body" in a manner that was "unwelcomed, painful, offensive, and insulting." *Id.* Ms. Lacy claims that Mr. Taylor's action was not an isolated incident. *Id.* Prior to the May 4, 2009 incident, Mr. Taylor "rubbed his private part (penis) on [her] upper arm"

---

[1] Plaintiff filed the response for which she had requested this extension on August 25, 2014. *See* Pl.'s Resp. in Opp. to Def. Larry Taylor's Mot. to Dismiss, ECF No. 30.

while she was eating lunch in the staff lunchroom.[2] *Id.* Plaintiff claims that she reported the inappropriate behavior to Amtrak, but Amtrak never disciplined Mr. Taylor. *Id.*

Ms. Lacy alleges that Mr. Taylor's inappropriate behavior was merely one example of a continuous pattern of harassment of and discrimination against female employees. Compl. Attach. 4, 1, ECF No. 1-4. Among other incidents, a male Amtrak employee allegedly yelled at Ms. Lacy to "get off [her] fat ass, and make the car move[]."[3] *Id.* On a separate occasion, an Amtrak employee posted a picture of a rat with the words "WARNING. There is a fat letter writing RAT watching you, punch your time card." Compl. Attach. 5, 1, ECF No. 1-5.

Ms. Lacy filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on September 24, 2009, alleging sexual harassment and hostile work environment. Compl. Attach. 2, at 2-4. Her complaint included the above incidents, as well as a list of other discriminatory behavior at the Bear, Delaware Amtrak facility. *Id.*; Compl. Attach. 4, at 1. The EEOC dismissed the complaint and notified Ms. Lacy of her right to sue on October 28, 2013. Plaintiff then filed the subject Complaint on January 24, 2014.

The present action, however, is not Ms. Lacy's first lawsuit against Amtrak. Ms. Lacy filed a separate complaint with the EEOC in May, 2009, alleging sex and race discrimination in violation of Title VII of the Civil Rights Act of 1964. Mem. in Supp. of Def. Amtrak's Mot. to Dismiss, 3, 13-15, ECF No. 13-1. This EEOC complaint included a list of fourteen alleged discriminatory incidents at the Bear, Delaware Amtrak facility and a copy of the same "rat" poster included in Ms. Lacy's instant Complaint. *Id.* at 17; *cf.* Compl. Attach. 5, at 1.

---

[2] In her complaint to the Equal Employment Opportunity Commission, Ms. Lacy stated that this incident occurred in 2007, but she did not give an exact date. *See* Compl. Attach. 2, 2, ECF No. 1-2.
[3] In her Complaint, Plaintiff included a list of ten alleged discriminatory actions at the Bear, Delaware maintenance facility. *See* Compl. Attach. 4, at 1. She had attached this list to her complaint with the EEOC. *Id.*

The attached list of incidents is nearly identical to the list provided by Ms. Lacy in the present action.[4] Compl. Attach. 4, at 1; *cf.* Mem. in Supp. of Def. Amtrak's Mot. to Dismiss, at 17-18. The EEOC issued a dismissal and notice of rights letter on May 20, 2010. Mem. in Supp. of Def. Amtrak's Mot. to Dismiss, at 15. Ms. Lacy subsequently sued Amtrak in the United States District Court for the District of Columbia ("*Lacy I*"), asserting the claims of her EEOC complaint.[5] *Id.* at 3. As in the case before this Court, Ms. Lacy attached the above list of alleged incidents. *Id.* at 4. The parties conducted extensive discovery, but Ms. Lacy moved to dismiss her case voluntarily on August 13, 2012. *Id.* at 5. After the district court granted her motion and dismissed the case, Ms. Lacy filed several motions over the next year, including a motion for reconsideration and summary judgment. *Id.* at 5-6. Construing this motion as a motion to reopen the case under Rule 60(b) of the Federal Rules of Civil Procedure, the court found no excuse for the fourteen-month delay and no "extraordinary circumstances" necessitating relief. *Id.* at 6.

Ms. Lacy filed the instant action only two weeks after the U.S. District Court for the District of Columbia denied her motion in *Lacy I*. *Id.* In this Complaint, she asserts claims of sex discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as well as a violation of 42 U.S.C. § 1983. Compl. at 1. Defendants Amtrak and Larry Taylor moved separately to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Def. Amtrak's Mot. to

---

[4] In fact, when comparing the lists in each lawsuit, there are seven incidents that appear on both forms. *See* Compl. Attach. 4, at 1; *cf.* Mem. in Supp. of Def. Amtrak's Mot. to Dismiss, at 17-18. Even further, the first list includes a claim that an unnamed male employee "rubs his private area (penis) against my [s]houlder while I am sitting in the lunchroom, eating my lunch." Mem. in Supp. of Def.'s Mot. to Dismiss, at 18. This allegation mirrors the claim against Mr. Taylor in the present action.
[5] Ms. Lacy filed *Lacy I* on August 31, 2010. *Id.* at 3.

Dismiss, ECF No. 13; Def. Taylor's Mot. to Dismiss, ECF No. 23. Amtrak and Mr. Taylor contend that the present action is impermissibly duplicative of *Lacy I*. *See* Mem. in Supp. of Def. Amtrak's Mot. to Dismiss, at 1. Even further, Defendants argue that Ms. Lacy's claims are either time-barred by the applicable statutes of limitations or legally insufficient. *Id.* In response, Ms. Lacy claims that the present action is not duplicative of *Lacy I* because she did not name Mr. Taylor in that lawsuit, as her second claim with the EEOC was still pending. Pl.'s Resp. in Opp. to Def. Amtrak's Mot. to Dismiss, 2, ECF No. 27. Plaintiff then filed a Motion for Leave to File a Sur-Reply (ECF No. 33) and a Motion for Leave to File an Amended Complaint (ECF No. 34).

## STANDARDS OF REVIEW

**A.     Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d

435, 439 (4th Cir. 2012) (citation omitted).  In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss.  *Iqbal*, 556 U.S. at 678.  First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference.  *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010). Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief."  *Id.* at 679; *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010).

In the employment discrimination context, this pleading standard should not be "onerous." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764 (4th Cir. 2003). The Supreme Court has indicated that an employment discrimination plaintiff need not plead particular facts conclusively satisfying each element of a prima facie case. *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002).[6] *Swierkiewicz*, however, did not abrogate the requirement that the plaintiff allege "facts *sufficient* to state *all* the elements of her claim." *Bass*, 324 F.3d at 765 (emphasis added); *see Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (explaining that *Swierkiewicz* does not nullify the heightened pleading requirements of *Twombly* and *Iqbal*); *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) ("[T]he

---

[6] Although the general 12(b)(6) standard used in *Swierkiewicz* was overruled by *Twombly*, *see Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009), the analysis cited here remains good law. *Reed v. Airtran Airways*, 531 F. Supp. 2d 660, 666 (D. Md. 2008) ("The *Twombly* Court made clear that its holding did not contradict the *Swierkiewicz* rule that 'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination.'" (citations omitted)).

Supreme Court's holding in *Swierkiewicz v. Sorema* did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim." (internal citation omitted)).

Even with the degree of flexibility arguably given to employment discrimination plaintiffs, the court must consider whether plaintiff's complaint has met the plausibility requirement of *Twombly* and *Iqbal*. *See Miller v. Carolinas Healthcare System*, 561 F. App'x 239, 241 (4th Cir. 2014) (explaining that, in the Fourth Circuit, "*Swierkiewicz* left untouched the burden of a plaintiff to allege facts sufficient to state all elements of her claim." (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (internal quotation marks omitted).

### B. Motion for Leave to File Sur-Reply

As a general rule, this Court will not allow parties to file sur-replies. Local Rule 105.2(a) (D. Md. 2011); *see MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. 1:12-cv-02109-RDB, 2013 WL 1224484, *6 (D. Md. Mar. 26, 2013). In *MTB Services*, this Court explained that a "party moving for leave to file a surreply must show a need for a surreply." *Id.* (internal citation omitted). A court may permit a plaintiff to file a surreply if "a defendant raises new legal issues or new theories in its reply brief." *Id.* (citing *TECH USA, Inc. v. Evans*, 592 F. Sup.. 2d 852, 862 (D. Md. 2009)). Even further "[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time

in the opposing party's reply." *MTB Servs.*, 2013 WL 1224484 at *6; *see also Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003).

### C. Motion for Leave to File an Amended Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to file an amended complaint "shall be freely given when justice so requires." This "liberal rule" reinforces the "federal policy in favor of resolving cases on their merits instead of disposing them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *see also Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). As noted by the United States Court of Appeals for the Fourth Circuit, Rule 15(a) ensures that the "plaintiff [is] given every opportunity to cure a formal defect in his pleading." *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999) (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (2d ed. 1990)).

The "liberal rule" of Rule 15(a), however, is not absolute. A court may deny leave to file an amended complaint when the amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Delay alone may not serve as the basis for denying a plaintiff's motion. *Oroweat Foods Co.*, 785 F.2d at 509. Rather, any claimed delay "must be accompanied by prejudice, bad faith, or futility." *Id.* at 510 (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980)). A court must consider the "nature of the amendment and the timing,"

8

as the "further the case progresse[s] before judgment [is] entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." *Laber*, 438 F.3d at 427.

## ANALYSIS

### A. Plaintiff's Motion for Leave to File Sur-Reply

Although not chronological, the first issue to be considered is Plaintiff's Motion for Leave to File Sur-Reply. As this Court has explained, a party moving for leave to file a sur-reply must "show a *need* for a surreply." *MTB Servs.*, 2013 WL 1224484, at *6 (emphasis added). Such need arises when a defendant presents "new legal issues or new theories in its reply brief." *Id.* (internal citation omitted). In requesting leave to file a sur-reply, Ms. Lacy presents a shortened version of the same arguments raised in her Response in Opposition to Defendant Larry Taylor's Motion to Dismiss (ECF No. 30). She does not argue that Mr. Taylor raised novel legal arguments in his reply brief. Instead, the subject Motion is merely a reiteration of Ms. Lacy's original arguments against Mr. Taylor. Given this redundancy, Ms. Lacy has received her opportunity to contest Mr. Taylor's Motion. She thus has failed to demonstrate a need for a sur-reply. Accordingly, Plaintiff's Motion for Leave to File a Sur-Reply (ECF No. 33) is DENIED.

### B. Defendant Amtrak's Motion to Dismiss

This Court will consider Amtrak's Motion to Dismiss and Larry Taylor's Motion to Dismiss together, as Mr. Taylor specifically incorporated Amtrak's arguments for dismissal.[7]

---

[7] Additionally, Mr. Taylor contends that neither Title VII of the Civil Rights Act nor 42 U.S.C. § 1983 applies to him in his individual capacity as Plaintiff's co-worker. *Id.* Since the instant action is duplicative of *Lacy I*, this Court need not consider the merits of Mr. Taylor's second argument.

*See* Mem. in Supp. of Def. Larry Taylor's Mot. to Dismiss, 1, ECF No. 24. Amtrak moves to dismiss Ms. Lacy's Complaint on two grounds. Primarily, it argues that Ms. Lacy, by duplicating the arguments and alleged incidents of *Lacy I*, improperly split her claims against Amtrak. Second, Amtrak contends that, even if the present action is not duplicative, Ms. Lacy's claims are either time-barred or fail to state a claim upon which relief may be granted. Plaintiff's response addresses only the former ground. She asserts that the instant action is not duplicative of *Lacy I* because *Lacy I* did not include her claim against Mr. Taylor. Since the instant suit mirrors *Lacy I*, and thus is barred by the doctrine against claim splitting, this Court need not reach the question of whether her claims are time-barred or legally insufficient.

Duplicative litigation, or claim splitting, "prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action." *Sensormatic Security Corp.*, 329 F. Supp. 2d at 579 (quoting *Myers v. Colgate-Palmolive Co.*, 102 F. Supp. 2d 1208, 1224 (D. Kan. 2000) (internal citations omitted)). Like res judicata, this doctrine will bar the "second suit . . . if the claim involves the same parties or their privies and 'arises out of the same transaction or series of transactions' as the first claim." *Sensormatic Security Corp.*, 329 F. Supp. 2d at 579 (quoting *Trustmark Insur. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269-70 (11th Cir. 2002)). As this Court has explained, it is "undisputed that it is within a district court's power to stay or dismiss a suit that is duplicative of another federal court suit." *Sensormatic Security Corp. v. Sensormatic Electronics Corp.*, 329 F. Supp. 2d 574, 579 (D. Md. 2004); *see also Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . the general principle is to avoid

duplicative litigation."). When a plaintiff tries to circumnavigate an earlier court's unfavorable ruling, claim splitting applies to reinforce "the rule that a plaintiff must bring suit against the same defendant on all claims that relate to the same conduct, transaction or event at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000).

Essentially, a court must determine "whether the second suit raises issues that should have been brought in the first." *Curtis*, 226 F.3d at 139. This assessment is composed of two factors. *See Jenkins v. Gaylord Entertainment Co.*, 840 F. Supp. 2d 873, 883 (D. Md. 2012); *see also Smith v. Commc'ns Works of America (CWA) – District 2*, No. 8:12-cv-00027-AW, 2012 WL 6021506, at *6 (D. Md. Dec. 3, 2012). First, the second suit "duplicates the first where it . . . arises out of the same operative facts." *Jenkins*, 840 F. Supp. at 883. Second, a court must consider whether the "interests of judicial economy and avoiding vexatious litigation outweigh the plaintiff's interest in bringing the second suit." *Id.*

In this case, Ms. Lacy's claims against Amtrak clearly arise out of the same operative facts as *Lacy I*. First, both this case and *Lacy I* involve allegations of sex and race discrimination under Title VII of the Civil Rights Act stemming from Ms. Lacy's employment at the Amtrak Bear, Delaware maintenance facility. As Ms. Lacy does not include any separate facts to support her 42 U.S.C. § 1983 claim, this Court will assume that this claim stems from the same facts underlying the Title VII claims.[8] Second, although Ms. Lacy does not provide specific dates for the alleged acts of harrassment (apart from the May 4, 2009 incident with Mr. Taylor), she does contend in each case that the acts occurred during the same general timeframe of 2007-2009.

---

[8] After listing 42 U.S.C. § 1983 as a basis for jurisdiction, Ms. Lacy does not mention this statute again, nor make any arguments related to an alleged violation. *See* Compl. at 1-2.

Not only do the alleged incidents arise out of the same time period, but many of the incidents are, in fact, identical. As previously noted, seven of the ten incidents included in the subject Complaint also appear in her complaint in *Lacy I*. *See* Compl. Attach. 4, at 1; *cf.* Mem. in Supp. of Def. Amtrak's Mot. to Dismiss, at 17-18. For example, in both this case and *Lacy I*, Ms. Lacy alleges that a male Amtrak employee "moon[ed] (expose[d] buttocks) in view of [Plaintiff], and another female employee." Compl. Attach. 4, at 1; *cf.* Mem. in Supp. of Def. Amtrak's Mot. to Dismiss, at 17. Ms. Lacy also attached the same "rat" poster to both complaints. Compl. Attach. 5, at 1; *cf.* Mem. in Supp. of Def. Amtrak's Mot. to Dismiss, at 19. Even further, although Ms. Lacy did not name Mr. Taylor in *Lacy I*, she did include a claim that an unnamed male employee "rub[bed] his private area (penis) against my [s]houlder while I [was] sitting in the lunchroom." Mem. in Supp. of Def. Amtrak's Mot. to Dismiss, at 18. This allegation is an exact duplicate of Ms. Lacy's claim against Mr. Taylor in the case before this Court. *Cf.* Compl. at 2.

Turning next to the second factor, the "interests of judicial economy and avoiding vexatious litigation" substantially outweigh Ms. Lacy's interest in bringing the instant suit. As of the filing of the instant action, the parties have litigated Ms. Lacy's claims for nearly four years. In *Lacy I*, they conducted extensive discovery, during which Plaintiff requested, and received, extensions of the discovery deadline. *See* Mem. in Supp. of Def. Amtrak's Mot. to Dismiss, at 34-35. Ms. Lacy ultimately moved for voluntary dismissal of her suit, but then petitioned the district court to re-open her case over a year after the dismissal. The U.S. District Court for the District of Columbia found no "extraordinary circumstances" that would warrant the re-opening of Ms. Lacy's case, as she continued to assert only the "broad

allegations" of her original complaint. *Id.* at 46. Even further, Ms. Lacy offered no explanation for the year-long gap between the voluntary dismissal and her motion to re-open her case. *Id.* Although Ms. Lacy did not name Mr. Taylor in *Lacy I*, she did include his alleged harassment. She thus had ample opportunity to litigate that incident, as well as the other allegations of race and sex harassment and discrimination. Far from conserving judicial resources, this Court's consideration of Ms. Lacy's claims provide yet another court's interpretation of the same issues. Such relitigation is the antithesis of judicial economy.

Moreover, the instant action appears to be only Ms. Lacy's latest lawsuit against Amtrak. Over the past fourteen years, Plaintiff unsuccessfully sued Amtrak for sex discrimination, race discrimination, hostile work environment, and other claims arising under Title VII in several jurisdictions. *See, e.g.*, *Lacy v. Amtrak*, No. 98-1914, 205 F.3d 1333 (4th Cir. Feb. 28, 2000) (unpublished); *Lacy v. Nat'l R.R. Passenger Corp.*, 507 F. Supp. 2d 438, 445-46 (D. Del. 2007); and *Lacy v. Nat'l R.R. Passenger Corp.*, 254 F. App'x 934, 937 (3d Cir. 2007). Ms. Lacy filed the suit before this Court only two weeks after the District Court refused to re-open *Lacy I*. Like Ms. Lacy's prior lawsuits against Amtrak, the subject suit asserts similarly broad claims of sex discrimination and harassment. Admittedly, as contended by Ms. Lacy in her opposition to Amtrak's Motion to Dismiss, Mr. Taylor did not appear as a named defendant in *Lacy I. See* Pl.'s Opp. to Def. Amtrak's Mot. to Dismiss, 3, ECF No. 27; *see also* Pl.'s Opp. to Def. Larry Taylor's Mot. to Dismiss, at 4. Even if she had not yet received the EEOC's right-to-sue" letter regarding this incident as of the filing of *Lacy I*, the alleged discriminatory acts had already occurred. *See Baker v. Bradley*, No. 4:06CV200 RWS, 2007 WL 465626, at *3 (D. Mo. Feb. 8, 2007) (explaining that, if the facts underlying the

plaintiff's claims existed as of the first suit, then the absence of the EEOC right-to-sue letter on those claims did not permit him to pursue piecemeal litigation). Ms. Lacy was clearly aware of the alleged incident with Mr. Taylor, as she included it in *Lacy I* without naming Mr. Taylor. The mere absence of Mr. Taylor's name from the *Lacy I* complaint, when the facts of his alleged harassment *were* included, does not sufficiently distinguish this case from those in which claim splitting barred a second suit.

The subject Complaint thus runs afoul of the doctrine against claim splitting, as it is impermissibly duplicative of *Lacy I*. Ms. Lacy's allegations not only arise out of the same operative facts as *Lacy I*, but they are identical to many of her unsuccessful claims of the earlier case. Even the addition of the 42 U.S.C. § 1983 claim does not save Ms. Lacy's lawsuit, as *Lacy I* was the proper forum to raise this related claim. Furthermore, the interests of judicial economy and avoiding needlessly lengthy, vexatious litigation outweigh Ms. Lacy's interest in relitigating her claims. For the foregoing reasons, Amtrak's Motion to Dismiss (ECF No. 13) and Larry Taylor's Motion to Dismiss (ECF No. 23) are GRANTED.

**C. Plaintiff's Motion for Leave to File an Amended Complaint**

Finally, Plaintiff asks this Court for leave to file an amended complaint. *See* Pl.'s Mot. for Leave to File an Amended Complaint, ECF No. 34. Ms. Lacy's sole ground for amending her complaint is that she has discovered a "complaint form designed for employment discrimination by the Courts." *Id.* Although leave to file an amended complaint is "freely given when justice so requires," such leave is not guaranteed. Fed. R. Civ. P. 15(a). As previously explained, a court may deny leave to file an amended complaint when the

amendment would be prejudicial, futile, or the plaintiff is acting in bad faith. *See Oroweat Foods Co.*, 785 F.2d at 509.

In this case, the proposed amendment is futile. Changing the form of the subject Complaint to one designed for employment discrimination does not cure any "formal defects" in Ms. Lacy's pleading. *Cf. Ostrzenski*, 177 F.3d at 252-53 (explaining that courts should give plaintiffs "every opportunity to cure a *formal* defect in" their pleadings) (emphasis added) (internal citation omitted). The proposed amendment has no effect on "facilitate[ing] a proper decision on the merits," as it includes the same allegations levied in Ms. Lacy's original Complaint. *Conley*, 355 U.S. at 48. This Court is dismissing Ms. Lacy's claims on the merits, regardless of the particular form upon which she first recorded her Complaint. Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 34) is thus DENIED.

## CONCLUSION

For the reasons stated above, Defendant Amtrak's Motion to Dismiss (ECF No. 13) is GRANTED with prejudice; Defendant Larry Taylor's Motion to Dismiss (ECF No. 23) is GRANTED with prejudice; Plaintiff's Motion for Extension of Time (ECF No. 28) is MOOT; Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 33) is DENIED; and Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 34) is DENIED.

A separate Order follows.

Dated: December 8, 2014     /s/_____

                                                           Richard D. Bennett
                                                          United States District Judge